# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| CHRISTINE D. LAROCHE, | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 16-3214 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Christine D. Laroche seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") that her disability ended on February 1, 2014. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 10), Defendant's Motion for Summary Judgment (ECF No. 14), and the parties' supplemental memoranda (ECF Nos. 16, 17).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is no longer disabled. No hearing is

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 10) is **GRANTED**.

# I

## **Background**

On May 12, 2004, the Commissioner found Plaintiff to be disabled as of March 1, 2004. R. at 68. On February 21, 2014, the Commissioner found that Plaintiff was no longer disabled as of February 1, 2014 (R. at 70-72), a finding which a state agency disability officer upheld on reconsideration (R. at 76-92). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (R. at 93-97), which was held on February 12, 2015, at which Plaintiff and a vocational expert ("VE") testified (R. at 25-60). On March 26, 2015, the ALJ issued a decision finding Plaintiff's disability had ended on February 1, 2014. R. at 7-24. On July 27, 2016, the Appeals Council denied Plaintiff's request for review. R. at 1-6. The Appeals Council's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On September 21, 2016, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

**II**

**Summary of Evidence**

The Court reviews here and in Part VI below the evidence relevant to the Court's disposition.

A.  **State Agency Medical Consultants**

On January 8, 2014, a state agency consultant, A. Serpick, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 373-80. Dr. Serpick opined that Plaintiff had no exertional, postural, manipulative, visual, communicative, or environmental limitations. R. at 374-77.

On February 4, 2014, another state agency consultant, C. Moore, Psy.D., using the psychiatric review technique under 20 C.F.R. § 416.920a, evaluated Plaintiff's mental impairments under Listings 12.04 and 12.06 relating to affective disorders and anxiety-related disorders (R. at 385-98). *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.06. Dr. Moore opined that, under paragraph B of the applicable listings, Plaintiff's mental impairments caused her to experience (1) mild restriction in activities of daily living; (2) moderate difficulties in maintaining social functioning; (3) moderate difficulties in maintaining concentration, persistence, or pace; and (4) one or two repeated episodes of decompensation of extended duration. R. at 395. Dr. Moore did not find evidence to establish the presence of the criteria under paragraph C of the applicable listings. R. at 396. Dr. Moore thus assessed Plaintiff's mental RFC (R. at 381-83) and opined that she was moderately limited in her ability to (1) understand, remember, and carry out detailed instructions; (2) maintain attention and concentration for extended periods; (3) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (4) work in coordination with or

proximity to others without being distracted by them; (5) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (6) accept instructions and to respond appropriately to criticism from supervisors; (7) get along with co-workers or peers without distracting them or exhibiting behavioral extremes; and to (8) respond appropriately to changes in the work setting. Plaintiff otherwise was not significantly limited. R. at 381-82.

**B.** **Hearing Testimony**

    **1.** **Plaintiff's Testimony**

In his decision, the ALJ noted that

> [Plaintiff] takes 18 or 19 medications per day that cause, among other things, nausea and diarrhea. She makes numerous trips of 15 minutes or more to the bathroom daily. She has seizures once every three months and migraines one to three times a week. She has pain in her shoulder and suffers from bouts of prolonged bronchitis due to chronic obstructive pulmonary disease. She has had a bipolar disorder since 1994 and attended regular counseling until three years ago. She uses sleeping pills at night and still sleeps five hours a day. She has swelling in her lower extremities and elevates her legs 20 minutes. She can sit one hour due to discomfort in her legs and walk 10 minutes. She can lift 10 pounds. She has worsening memory and concentration and does not deal well with stress or work with other people. She gets confused[.] Her kidney transplant is failing. She is on dietary restrictions and her serum creatinine level is rising. She is status post craniotomy for a benign brain tumor in 1992.

R. at 15-16; *see* R. at 32-55.

Plaintiff also testified that she has had migraine headaches since she was a child but only has been treated for them since 2002 or 2004. R. at 41-42. She gets "very severe and excruciating" migraine headaches from one to three times a week that last for one to four days. R. at 42. Medication does not alleviate the intensity of these headaches, and Plaintiff has to lie down when they occur, rendering her incapacitated. R. at 42.

### 2.   VE Testimony

According to the VE, a hypothetical individual with Plaintiff's same age, education, work experience, and the RFC outlined below in Part III could not perform Plaintiff's past work but could perform the light, unskilled jobs of officer helper or clerical checker and the sedentary, unskilled jobs of surveillance system monitor or inspector of electronics.[3]  R. at 56-58.  If such an individual would be off task greater than 15% of the time because of impairments such as migraine headaches that would cause the individual to be absent from work at least two times per month, no work would be available to that person.  R. at 58-59.

### III

### Summary of ALJ's Decision

The ALJ found that, beginning on February 1, 2014, Plaintiff had the RFC

> to perform less than a full range of sedentary work as defined in 20 CFR 416.967(a).  [Plaintiff] can lift, carry, push and pull up to 10 pounds occasionally from waist to chest level.  [Plaintiff] has to avoid overhead work activity.  [Plaintiff] can walk two hours, stand four to six hours and sit at least six hours within an eight-hour workday. [Plaintiff] can walk no longer than 10 minutes at a slow pace on a flat and even surface.  [Plaintiff] can stand no longer than 15-30 minutes at a time before sitting and sit no longer than 30-60 minutes before standing for a few minutes.  [Plaintiff] has to avoid crawling, kneeling, crouching and climbing of ladders, ropes and scaffolds, but she can stoop occasionally.  [Plaintiff] is limited to simple, routine, low stress (defined as requiring work involving minimal changes in the routine, avoid fast pace work such as assembly line jobs involving productions [sic] quotas, limited to occasional brief superficial interaction with the public, coworkers and supervisors) tasks.  [Plaintiff] has to avoid constant reaching and has to avoid reaching behind.  [Plaintiff] has to avoid working around hazards such as moving dangerous machinery and unprotected

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 416.967(b).  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  *Id.* § 416.967(a).  "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  *Id.*  "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."  *Id.* § 416.968(a).

heights. [Plaintiff] has to avoid concentrated exposure to respiratory irritants and extreme temperatures and humidity. [Plaintiff's] work environment needs to have close proximity to a restroom such as in an office setting on the same floor.

R. at 15.

The ALJ further found that Plaintiff's "current medically determinable impairment could reasonably be expected to produce the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are credible only to the extent of the established [RFC] assessment for the reasons explained" in the decision. R. at 16. The ALJ "provided for moderate limitations in concentration, persistence and pace and social functioning given [Plaintiff's] testimony, her numerous impairments and the number of drugs she takes." R. at 18. The ALJ "provided for moderate limitations in activities of daily living due to her migraine and [irritable bowel syndrome] complaints." R. at 18.

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled,

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the

national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v.*

*Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Among Plaintiff's arguments is her contention that the ALJ erred in assessing the credibility of her subjective allegations. Pl.'s Mem. Supp. Mot. Summ. J. 12-14, ECF No. 10-1. The Commissioner must follow certain steps when it finds medical improvement of a previously established disabling condition. 20 C.F.R. §§ 404.1594(f)(1)-(8), 416.994(b)(5)(i)-(vii); *see Czerska v. Colvin*, Civil Action No. TMD 12-2238, 2013 WL 5335406, at *1 n.1 (D. Md. Sept. 20, 2013). The evaluation process requires the Commissioner to consider whether (1) the claimant has engaged in substantial gainful activity, 20 C.F.R. § 404.1594(f)(1); (2) the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listings, *id.* §§ 404.1594(f)(2), 416.994(b)(5)(i); (3) the claimant has seen medical improvement in his previously disabling condition, *id.* §§ 404.1594(f)(3), 416.994(b)(5)(ii); (4) medical improvement is related to the claimant's ability to do work, *id.* §§ 404.1594(f)(4), 416.994(b)(5)(iii); (5) an exception to medical improvement applies, *id.* §§ 404.1594(f)(5), 416.994(b)(5)(iv); (6) all current impairments are severe, *id.* §§ 404.1594(f)(6), 416.994(b)(5)(v); (7) a claimant's current RFC allows him to return to past relevant work, *id.* §§ 404.1594(f)(7), 416.994(b)(5)(vi); and, if not, (8) the claimant can perform other work. *Id.* §§ 404.1594(f)(8), 416.994(b)(5)(vii). "If the Commissioner finds conclusively that a claimant is disabled at any point in this process, review does not proceed to the next step." *Davis v. Colvin*, No. 5:13-CV-98, 2015 WL 404213, at *4 (W.D.N.C. Jan. 29, 2015).

A decrease in the medical severity of an impairment sufficient to constitute medical improvement must be substantiated by changes in signs, symptoms, or laboratory findings. 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i). To determine whether medical improvement has occurred, the severity of the claimant's current medical condition is compared to the severity of the condition "at the time of the most recent favorable medical decision that [the claimant was] disabled." *Id.* The date of the most recent favorable medical decision is called the "point of comparison." *Id.* § 404.1594(b)(7), 416.994(b)(1)(vii).

The Fourth Circuit in *Mascio v. Colvin*, 780 F.3d 632, 639-40 (4th Cir. 2015), found that remand was required in light of an ALJ's lack of explanation concerning how the ALJ decided which of the claimant's statements to credit. *Mascio*, in other words, "requires the ALJ to articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." *Armani v. Comm'r, Soc. Sec. Admin.*, No. JMC-14-CV-976, 2015 WL 2062183, at *1 (D. Md. May 1, 2015). Furthermore, disability "claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Lewis v. Berryhill*, 858 F.3d 858, 868 n.3 (4th Cir. 2017) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

Here, the ALJ found that Plaintiff's migraine headaches were a severe impairment because they significantly limit her ability to perform basic work activities. R. at 12. On the basis of Plaintiff's testimony, the ALJ then found that Plaintiff's migraine headaches caused her moderate difficulties with regard to concentration, persistence, or pace, as well as moderate limitations in activities of daily living. R. at 13, 18. Plaintiff testified, however, that her migraines were severe, occurred one to three times a week, and caused her to lie down for one to four days. R. at 42. The VE testified that the loss of productivity due to the effects of such an

11

impairment would preclude work. R. at 58-59. "Nowhere, however, does the ALJ explain how he decided which of [Plaintiff's] statements to believe and which to discredit . . . ." *Mascio*, 780 F.3d at 640. Absent an "accurate and logical bridge" from the evidence to the ALJ's conclusion that Plaintiff's testimony was not credible, the Court cannot say that substantial evidence supports the ALJ's decision. *See Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). "[A] court may not guess at what an agency meant to say, but must instead restrict itself to what the agency actually did say." *Nken v. Holder*, 585 F.3d 818, 822 (4th Cir. 2009). Furthermore, the ALJ failed to explain how, despite Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of the workday. Because an ALJ may not select and discuss only that evidence that favors his ultimate conclusion, *Hines*, 453 F.3d at 566, this matter is **REMANDED** for further proceedings under the fourth sentence of 42 U.S.C. § 405(g). The Court need not address Plaintiff's remaining arguments. *See Hardy v. Colvin*, Civil Action No. TMD 11-02793, 2013 WL 4478025, at *4 n.3 (D. Md. Aug. 19, 2013).

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 10) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 10) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: March 9, 2018                                    /s/
                                                        Thomas M. DiGirolamo
                                                        United States Magistrate Judge